1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

FESTUS ONYEMALIOSIA EBONKA

     Defendant.

Case No. 2:22-cr-00156-CDS-NJK

**Report and Recommendation**

[Docket No. 21]

Pending before the Court is Defendant's motion to dismiss indictment. Docket No. 21. The United States filed a response, Docket No. 24, and Defendant filed a reply, Docket No. 25. For the reasons more fully discussed below, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED**.

## I. BACKGROUND

On July 19, 2022, a grand jury sitting in Las Vegas, Nevada issued an indictment against Defendant. Docket No. 1. The indictment charged Defendant with thirteen counts of health care fraud in violation of 18 U.S.C. § 1347. *Id.* at 5-7. Defendant now seeks to dismiss the indictment against him.[1] Defendant submits the indictment should be dismissed because he believed his conduct was lawful based on representations made to him by government contractors and, therefore, that he lacked the requisite *mens rea* for the charged offenses. Docket No. 21 at 1-2. The United States submits that the indictment should not be dismissed because the indictment is sufficient as is and Defendant's motion requires the Court to look beyond the facts contained within the indictment. Docket No. 24 at 3-4.

---

[1] Defendant's motion requests the Court dismiss "the indictment herein filed on July 19, 2022 and all charges and counts set forth therein." Docket No. 21 at 1. Defendant's reply clarifies that Defendant is only seeking to dismiss the charges of the indictment that pertain to Defendant's alleged improper billing for STIVAX devices. Docket No. 25 at 1. Because no counts of the indictment should be dismissed, the Court need not determine the actual scope of relief Defendant's motion seeks.

## II.    STANDARDS

Pursuant to Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." One such pretrial motion that defendant can make is a motion to dismiss the indictment.  Fed. R. Cr. P. 12(b)(3)(B).  "An indictment or information must meet the requirements of both the Due Process Clause and Federal Rule of Criminal Procedure 7."  *United States v. Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012).  Federal Rule of Criminal Procedure 7(b) requires that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  An indictment satisfies the requirements of the Due Process Clause if it contains the elements of the offense charges so that a defendant has a fair notice of the charges which he must defend against and it enables to him to plead acquittal or conviction as a bar to future prosecutions for the same conduct.  *Zhou*, 678 F.3d at 1113 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  The Court may not look beyond "the four corners of the indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (internal citations omitted).  "In addition, a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence."  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975), *cert. denied*, 423 U.S. 1087 (1976)).  A defendant moving to dismiss an indictment bears the burden of demonstrating a factual basis for the motion to dismiss.  *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

## III.    DISCUSSION

Defendant submits that the indictment against him should be dismissed because the charges within constitute "conduct and actions that [Defendant] reasonably believed and believes are lawful based on conduct and representations of a government-affiliated agency" and federal contractors.  Docket No. 21 at 1.  Consequently, Defendant submits, the United States will be unable to prove that he had the requisite *mens rea* at trial.  *Id.* at 1-2.  The United States responds

that Defendant's motion should be denied because it requires the Court to consider extrinsic evidence in a situation where "the Court must accept as true the allegations in the indictment and cannot consider evidence beyond the four corners of the indictment." Docket No. 24 at 3-4.

Defendant's motion is essentially a proffer of the entrapment by estoppel defense. *See* Docket No. 21 at 6-8. "In order to show that entrapment exists as a matter of law, there must be undisputed testimony making it patently clear that an otherwise innocent person was induced to commit the act complained of by trickery, persuasion, or fraud of a government agent." *United States v. Chen*, 754 F.2d 817, 821 (9th Cir. 1985) (internal citations omitted). Simply put, to fully evaluate an entrapment by estoppel defense, the Court would have to consider evidence and facts beyond the face of the indictment, which can only properly be presented at trial. If the Court were to grant Defendant's motion based on such evidence, it would essentially be granting Defendant summary judgment in a criminal case. This the Court cannot do. *Jensen*, 93 F.3d at 669 (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam)).

Defendant submits two reasons for why the Court should grant his motion notwithstanding the bar on considering extrinsic evidence. First, Defendant submits that *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992), permits the Court to consider extrinsic evidence when an entrapment defense is advanced in a motion to dismiss. Docket No. 21 at 6-7. *Levin* saw a divided Sixth Circuit panel affirming a district court's granting of a motion to dismiss an indictment on the grounds that "as a matter of law … the government could not prove the required element of intent." *Id.* at 470. *Levin*, however, is not the law of the Ninth Circuit. Ninth Circuit case law directs that a court considering a motion to dismiss an indictment is "bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (quoting *Boren*, 278 F.3d at 914). Defendant submits no reason why the Court should deviate from Ninth Circuit case law and the Court will not do so.

Defendant further submits that the Court can grant his motion notwithstanding the bar on considering extrinsic evidence because the indictment inherently suggests an error in the grand jury process. Docket No. 25 at 2-3. Defendant does not advance any arguments pertaining to the sufficiency of the grand jury process in his initial motion, waiting instead to raise the argument for

1 the first time in his reply brief. "[A]rguments raised for the first time in a reply brief are waived."

2 *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir.

3 2012) (quoting *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam)). Accordingly,

4 the Court need not address this argument.

5 **V.    CONCLUSION**

6       For the reasons more fully discussed above, **IT IS RECOMMENDED** that Defendant's

7 motion to dismiss indictment be **DENIED.** Docket No. 21.

8       Dated: April 11, 2023

9

10                                       Nancy J. Koppe
                                      United States Magistrate Judge

11                                 **NOTICE**

12       This report and recommendation is submitted to the United States District Judge assigned

13 to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and

14 recommendation must file a written objection supported by points and authorities within fourteen

15 days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file

16 a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951

17 F.2d 1153, 1157 (9th Cir. 1991).

18

19

20

21

22

23

24

25

26

27

28