UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FESTUS ONYEMALIOSIA EBONKA,<br><br>　　　　　　Defendant. | Case No. 2:22-cr-00156-CDS-NJK<br><br>ORDER<br><br>(Docket No. 47) |

　　　　On July 19, 2022, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with 13 counts of health care fraud in violation of 18 U.S.C. § 1347. Docket No. 1. On July 21, 2022, the Court held a detention hearing at which the Government expressed concern as to Defendant's flight risk, advocated for an expedited time for him to surrender his passports, and advocated against allowing Defendant to travel throughout the United States as it may be easier to flee the country from certain areas. Hearing Rec. (7/21/2022) at 4:02 – 4:03 p.m. On July 21, 2022, the Court released Defendant pending trial subject to conditions, including that he surrender any passport and limit his travel to the District of Nevada, unless approved by Pretrial Services. Docket No. 12; *see also* Hearing Rec. (7/21/2022) at 4:04 p.m.

　　　　Pending before the Court is a stipulation to modify the terms of Defendant's release. Docket No. 47; *see also* Docket No. 49 (corrected image). That request appears to seek to allow Defendant to re-obtain his United States, Canadian, and Nigerian passports,[1] and to allow him to travel internationally to visit his mother in Nigeria and to attend to "business interests" in the Democratic Republic of Congo. Docket No. 49 at 2. The request indicates that there is now need for that travel since the parties recently stipulated to continue trial, such that the pretrial period has lasted longer than the parties anticipated. *See id.* at 2. The request indicates that sufficient

---

[1] The stipulation attests to Defendant earlier having three passports, Docket No. 49 at 1, but seeks return of his "passport" in the singular, *id.* at 2. It is not clear which of the three passports Defendant seeks to re-obtain, or whether the latter reference to a passport in the singular is a typographical error and he seeks to re-obtain all three of them.

1

justification exists to assuage concerns as to Defendant's flight risk because he has complied with his conditions to date. *See id.*

The Court held a hearing on the stipulation on February 6, 2024, at which time the Court denied it without prejudice in light of a number of concerns that have not been addressed. To that end, the Court notes the following issues. First, the stipulation explains that Defendant's mother is "elderly" and "ailing," without meaningful elaboration as to her health condition. Second, the stipulation indicates that Defendant "consistently traveled to Nigeria to visit and help take care of [his mother] prior to his arrest," Docket No. 49 at 2, but the Pretrial Services report indicates that he travels to Nigeria "yearly" and its not clear how meaningful caregiving is provided at such an interval. Third, the stipulation identifies "business interests" in Congo without providing elaboration, *id.*, and the Pretrial Services report does not appear to identify any such financial resources.[2] Fourth, the stipulation does not explain what treaty obligations and extradition capabilities exist with respect to Nigeria or Congo. Fifth, the stipulation does not explain why earlier compliance with pretrial conditions is ground to modify them in such an expansive manner, as opposed to viewing such compliance as simply showing that the conditions have been effective to date in preventing flight.

Any renewed stipulation to modify pretrial conditions must provide a much more fulsome discussion of the circumstances, including with respect to the issues identified above.

IT IS SO ORDERED.

DATED: February 6, 2024

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Significant business interests in a foreign country would be a consideration of a potentially heightened flight risk.