UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:22-cr-00156-CDS-NJK |
| Plaintiff | **Order Resolving Motions in Limine** |
| v. | |
| Festus Onyemaliosia Ebonka, | [ECF Nos. 63, 66, 81] |
| Defendant | |

In July 2022, a federal grand jury returned an indictment against Festus Onyemaliosia Ebonka charging him with thirteen counts of healthcare fraud in violation of Title 18, United States Code, Section 1347. Indictment, ECF No. 1. This case is currently set for jury trial to commence on February 10, 2025. Order to continue, ECF No. 90.[1] Pending before the court are three motions in limine filed by Ebonka. Mots. in limine, ECF Nos. 63, 66, 81. The motions are now fully briefed. Resps., ECF Nos. 82, 83, 98. For the reasons set forth herein, I deny without prejudice the motions in limine docketed at ECF No. 63 and 81, and grant in part and deny in part the motion in limine docketed at ECF No. 66.

I.   **Discussion**

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. Mot. in limine, Black's Law Dictionary (11th ed. 2019). A motion in limine, however, should not be used to resolve

---

[1] A hearing on a pending stipulation to continue is scheduled for January 29, 2025. ECF No. 100.

factual disputes or weigh evidence. *C&E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Rather, unless the proffered evidence is clearly inadmissible for any purpose, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. *See Hays v. Clark Cnty.*, 2008 WL 2372295, at *7 (D. Nev. June 6, 2008).

Further, rulings on motions in limine are provisional and, therefore, "not binding on the trial judge [who] may always change [their] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, during the trial, the court will entertain objections an individual proffers as they arise at trial, even though the proffer falls within the scope of a denied or granted motion in limine. *See Luce v. United States*, 469 U.S. 38, 41 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). With these principles in mind, I address each motion in limine in turn.

### A. Ebonka's motion in limine to exclude irrelevant medical record keeping and prescribing evidence (ECF No. 63) is denied without prejudice.

Ebonka seeks to exclude certain medical records[2] (hereinafter "other medical records") pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b), arguing that the government seeks to introduce these records, which are "patently irrelevant" to the question of whether Ebonka submitted false claims for the Stivax device, as alleged in the indictment. *See* Mot. in limine 1 (MIL-1), ECF No. 63. Ebonka therefore argues that this evidence should be excluded because it is outside the scope of the charges lodged against him and further that the records are more prejudicial than probative. *Id.*

---

[2] The government identifies these records as their exhibits marked as 17 through 26. ECF No. 82 at 3.

The government opposes the motion, arguing the other medical records,[3] which were provided by the defendant to Medicare investigators in March 2018 as part of records-request related to a Medicare billing inquiry, are relevant because there are serious questions regarding the records, including "whether they were created 'after-the-fact' to trick investigators and cover up the defendant's Stivax scheme." Opp'n to MIL-1, ECF No. 82 at 3–5. The government also argues that the records speak to the allegations that Ebonka submitted false claims and tried to cover it up, and further, that the records go to Ebonka's state of mind. *Id.* According to the opposition, Ebonka's request to exclude the records should be denied because they are relevant and inextricably intertwined with allegations in the indictment. *Id.* at 5–7. The government further argues that even if I determine they constitute "other act" evidence under Rule 404, the records are admissible, because they speak to Ebonka's motive, opportunity, intent, plan, identity, knowledge, absence of mistake, and lack of accident. *Id.* at 7–8.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402. It may be excluded, however, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. And Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

---

[3] The government agrees, however, that it will not admit evidence or argument regarding Ebonka's alleged improper prescribing of opioids or other narcotics unrelated to Stivax. Opp'n, ECF No. 82 at 1.

Based on the arguments set forth in the government's opposition, the records are relevant to the charges, namely the fraud scheme, and speak to Ebonka's state of mind. *See Benchwick v. United States*, 297 F.2d 330, 336 (9th Cir. 1961) (holding, in a 18 U.S.C. § 656 prosecution, that "[w]hen the defendant's intent is at issue, a wide range of evidence as to [the defendant's] subsequent acts may . . . be admissible" and that acts such as "[t]he drawing and payment of the checks, the use of the proceeds to purchase stock, the ultimate sale of the stock and the use of the proceeds to cover the withheld checks [and] gambling, were all parts of a single continuous chain of events, and evidence as to the entire course of these connected transactions" can be "relevant to a determination of the state of mind with which the defendant played his part in these events."); *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (citation omitted) ("Intent also may be proven by acts that were subsequent to the actions at issue."); *see also United States v. Schena*, 2022 U.S. Dist. LEXIS 131030 (N.D. Cal, July 23, 2022) (citing *United States v. Copple*, 24 F.3d 535, 545 (3d Cir. 1994) ("Proving specific intent in . . . fraud cases is difficult, and, as a result, a liberal policy has developed to allow the government to introduce evidence that even peripherally bears on the question of intent.")).

Thus, the court declines to grant Ebonka's motion on his argument that the other medical records are irrelevant. And although the medical records could be prejudicial, any prejudice is outweighed by the probative value of the records. Ebonka is free to cross-examine witnesses about the records and challenge any argument the government makes about them. It will be up to the jury to decide which party's version of the facts is more believable after hearing all of the evidence and having an opportunity to evaluate the credibility of the witnesses. *See United States v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977) (recognizing it is "the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts").

Further, even if the medical records constitute "other act evidence" as suggested by the government, they would nonetheless be admissible under Rule 404(b)'s exception that permits

the introduction of "other act" evidence if that evidence is "inextricably intertwined" with the charged crimes. *See United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (allowing evidence of mail fraud activities that were not charged because the other act evidence showed a mail fraud "scheme" and the defendant's connection to the scheme, as required to prove mail fraud). Here, the government argues that the testimony and evidence regarding alleged false claims submitted by Ebonka will show that his use of the Stivax device constitutes "uncharged transactions that are part of an overall scheme," and further that the testimony and evidence regarding the other medical records will "offer a coherent and comprehensible story regarding the commission of the crime." ECF No. 82 at 6. Stated otherwise, the other medical records are inextricably intertwined with the charges in the indictment. Accordingly, I decline to exclude the medical records at this time, so MIL-1 is denied without prejudice.

> **B. Ebonka's motion in limine to exclude irrelevant evidence of income and wealth (ECF No. 66) is granted in part**.

Ebonka moves to exclude any evidence and argument about income and volume of earnings, arguing that he suspects the government intends to improperly and "unfairly prejudice the jury with information about the sheer volume of earnings by Mr. Ebonka's [medical] practice." Mot. to exclude income info. (MIL-2), ECF No. 66. The government opposes the motion, arguing that evidence related to Ebonka's wealth and profit speak directly to the alleged fraudulent scheme, thus any risk of unfair prejudice is outweighed by the probative value. Opp'n to MIL-2, ECF No. 83.

As a threshold matter, the court agrees with Ebonka: the government is not permitted to introduce evidence simply to show that a defendant is wealthy or to improperly inflame the jury. ECF No. 66 at 3 (citing *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011)). Thus evidence or argument that Ebonka is guilty simply because of his wealth will not be permitted.[4] However, as

---

[4] The government states it will not enter evidence of the defendant's net worth or lifestyle for any improper purpose but will introduce evidence that the defendant monetarily benefited from the alleged scheme to defraud. ECF No. 83 at 5. Because the government agrees, Ebonka's motion is granted to the

long as the government does not present false or misleading information to the jury, it is permitted to present evidence and argument that Ebonka's wealth is related to the fraudulent scheme. *See S.E.C. v. Frost*, 2022 WL 17327322, at *6 (C.D. Cal. Feb. 23, 2022) (evidence of a defendant's wealth and lavish spending habits is irrelevant and inadmissible absent a sufficient connection to the defendant's participation in criminal activity); *see also United States v. Booth*, 309 F.3d 566, 575 (9th Cir. 2002) (affirming conviction where evidence of fraud was shown, in part, by defendants' use of funds for an improper purpose.).

The court also declines to exclude all reference to the amount of money paid by Medicare because it, too, is relevant to explaining the overall alleged scheme and artifice to defraud, as well as motive, knowledge, and intent. Although it may be prejudicial, it would not be so prejudicial as to warrant exclusion. *See United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987) (stating that Rule 403 is "an extraordinary remedy to be used sparingly"). Accordingly, MIL-2 is granted in part, as set forth in this order, and is otherwise denied without prejudice.

### C. Ebonka's motion in limine to exclude evidence and argument related to patients not named in the indictment (ECF No. 81) is denied without prejudice.

Ebonka seeks to exclude evidence and testimony about any of Ebonka's patients not named in the indictment (hereinafter "the other patient evidence"), arguing it is irrelevant to the question of whether Ebonka executed a scheme to defraud in the charged offenses. *See* Mot. in limine to exclude other patient evid., MIL-3, ECF No. 81 at 3. He further argues that any evidence or argument about the "medical review" of medical records for patients not named in the indictment does not bear on any of the three theories of liability advanced by the government. *Id.* at 4. He also argues that the other patient evidence should be excluded under Rule 403 because they will confuse the issues, will mislead the jury, and their introduction would be a waste of time, especially given that the government never obtained the medical

---

extent that the government will not be permitted to introduce evidence of wealth just to argue this proves Ebonka's guilt.

records for the thirteen individuals named in the indictment. *Id.* at 5. Finally, Ebonka insists that the other medical records are inadmissible under Rule 404(b), arguing that the government failed to comply with the notice as required by subsection (3) of that Rule, and further that the records do not satisfy the four-part admissibility test.[5]

The government opposes the motion, arguing that the trial evidence will prove that Ebonka "submitted claims for Stivax even though patients did not receive the Stivax device on [the] date [identified in the records]," that the other medical records are relevant to showing Ebonka's overall scheme to defraud (which includes arguments that Ebonka attempted to cover up the scheme by entering after-the-fact entries into the other medical records), and finally that the other patient evidence is inextricably intertwined with the allegations and evidence of the thirteen charged claims. *See generally* Opp'n to MIL-3, ECF No. 98. The government further argues the other patient evidence is also admissible under Rule 403, noting that the defendant himself is seeking to introduce some of the medical records, which undermines his "confusion" argument. *Id.* at 9–10 (citing defendant's proposed exhibits 502–11). It further argues that the records will not mislead the jury because they are "directly relevant to proving not only the larger scheme but also that the 13 charged claims were not simply outlier mistakes or errors"[6] and that the "records are evidence of how the defendant responded to this investigation, and the post-dated nature and internal inconsistencies further bear on the defendant's state of mind." *Id.* at 10. Finally, the government argues that the medical records and related claims are admissible under Rule 404(b) because they constitute evidence of motive, opportunity, intent, plan,

---

[5] In the Ninth Circuit, courts use a four-part test to determine the admissibility of evidence under Rule 404(b). That test requires the court to determine if: "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010) (quoting *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994)). The government carries the burden of establishing that the evidence satisfies this test. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

[6] It also notes that the individuals named in the indictment will testify at trial that they never received the services claimed on the dates alleged. ECF No. 98 at 10, n.5.

identity, knowledge, absence of mistake, and lack of accident. *Id.* at 8–9. The government disputes Ebonka's argument that it failed to meet Fed. R. Evid. 404(b)(3) notice requirement, arguing that Ebonka has been on notice that the government would seek to introduce these records since July 10, 2024, and further that notice was provided, in writing, when the government filed its response to a separate motion to limine. *Id.* at 9.

      The court adopts its reasoning in declining to exclude the other medical records here and declines to exclude the other patient evidence for the same reasoning. Based on the information before the court, the other patient evidence constitutes evidence of the overall scheme to defraud alleged in the indictment, is inextricably intertwined with the charged offenses, and speaks to the defendant's motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, and more. *See United States v. Lague*, 971 F.3d 1032, 1040 (9th Cir. 2020) (affirming the trial court's introduction of uncharged prescriptions of controlled substances in enormous quantities, and in dangerous combinations, because the evidence supported a reasonable inference that the underlying prescriptions were issued outside the usual course of professional practice and without a legitimate medical purpose in an 18 U.S.C. § 841(a)(1) case). Indeed, the other patient evidence is probative of whether Ebonka knowingly and willfully executed the scheme and artifice to defraud as alleged in the indictment. The court also finds that the government satisfied its Rule 404(b)(3)'s notice requirement and that the evidence meets the four-part test regarding admissibility because (1) the evidence tends to prove a material point (do the records constitute evidence of a scheme to defraud); (2) the prior act is not too remote in time (it appears the records were created around the same time as the charged offenses); (3) the evidence is sufficient to support a finding that the defendant committed the other act (the evidence is related to defendant's patients and record keeping); and (4) in cases where knowledge and intent are at issue, the act is similar to the offense charged (the evidence is regarding Ebonka's patients, and his medical records, which are related to the alleged scheme to defraud). Thus MIL-3 is denied without prejudice.

II.     Conclusion

IT IS HEREBY ORDERED that Ebonka's MIL-1 **[ECF No. 63] is denied without** prejudice.

IT IS FURTHER ORDERED that Ebonka's MIL-2 **[ECF No. 66] is granted in part**, as set forth in this order, and is otherwise denied without prejudice.

IT IS FURTHER ORDERED that Ebonka's MIL-3 **[ECF No. 81] is denied without** prejudice.

Dated: January 29, 2025

_____
Cristina D. Silva
United States District Judge